## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Anthony J. Davis, Esq.
Nicoll Davis & Spinella LLP
95 Route 17 South, Suite 316
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Plaintiff Amerisure Mutual Insurance Company

| | |
|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, A Michigan insurance corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>AMERISURE LIFE AND HEALTH, LLC, A New Jersey Limited Liability company, )<br><br>Defendant. ) | Hon. <br>Civil Action No.<br><br><u>Civil Action</u> |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRADEMARK INFRINGEMENT**
**AND JURY DEMAND**

Plaintiff Amerisure Mutual Insurance Company ("Amerisure" or "Plaintiff"), asserts the

following claims against Defendant Amerisure Life and Health, LLC ("Defendant")

**NATURE OF THE ACTION**

1.      This is a civil action for damages and injunctive relief alleging acts of trademark

infringement and unfair competition under the Federal Trademark Act, 15 U.S.C. §1114 and 15

U.S.C. §1125(a), and for common law trademark infringement, common law unfair competition;

and unfair competition under N.J.S.A. 56:4-1.

{9998-9008/00452292-1}

**THE PARTIES**

2.      Plaintiff Amerisure is a Michigan licensed and domiciled mutual insurance company, with a principal place of business at 26777 Halstead Road, Farmington Hills, Michigan 48331.

3.      Defendant Amerisure is a New Jersey limited liability company, with, on information and belief, a principal place of business at 34 Wickatunk Road, Manalapan, New Jersey 07726.

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b).  On information and belief, the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit of this Court.  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction.  The state law claims are so related to Plaintiff's federal trademark infringement claims as to be part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over Defendant because it resides in the State of New Jersey, does business in this District and has committed the acts complained of in this District.

6.      Venue in this judicial District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

**PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS**

7.      Plaintiff Amerisure's roots go back to 1912, when the company was founded as Michigan Workmen's Compensation Mutual Insurance Company.   In 1984 Plaintiff began using

{9998-9008/00452292-1}

the service mark AMERISURE® and in 2000 changed its name to Amerisure Mutual Insurance Company.

8.      Since its beginnings in 1912, Plaintiff has expanded and grown to become a recognized leader in the insurance industry, with over 100 agencies and with twelve locations throughout the United States.  Among other states, Plaintiff is licensed in New Jersey.  Its business operations include underwriting property, casualty and workers' compensation insurance, as well as related insurance claims processing, administration and adjustment services. Its use of the mark AMERISURE® has been continuous for the last thirty-three years.

9.      As a result of the quality of Amerisure's services and the considerable effort it has expended in promoting its services in various advertising media under its marks, the services have met with highly favorable acceptance and the marks have become symbols of Amerisure, its quality services and its goodwill.

10.     In recognition of Amerisure's valuable trademark rights, the United States Patent and Trademark Office has awarded it the following U.S. trademark registrations, including a registration of the word mark AMERISURE®, giving it nation-wide rights in its marks (hereinafter collectively referred to as "Plaintiff's Marks"):

- No. 1343265 for the mark **AMERISURE**® for "*insurance underwriting services, namely property and casualty insurance, including automobile, boiler and machinery, workers compensation and employers liability, fire and allied lines, earthquake, ocean marine, inland marine, aircraft physical damage, fidelity and surety, burglary and theft, forgery, glass, sprinkler leakage and water damage, smoke or smudge, physical loss to buildings, other liability, reinsurance*";

{9998-9008/00452292-1}

- No. 1343264 for the mark **Amerisure** for *"insurance underwriting services, namely property and casualty insurance, including automobile, boiler and machinery, workers compensation and employers liability, fire and allied lines, earthquake, ocean marine, inland marine, aircraft physical damage, fidelity and surety, burglary and theft, forgery, glass, sprinkler leakage and water damage, smoke or smudge, physical loss to buildings, other liability, reinsurance"*;

- No. 1934263 for the mark **AMERISURE COMMAND COVERAGE®** for *"insurance underwriting services in the field of property and casualty"*;

- No. 2231052 for the mark **AMERISURE CONTRACTORS ADVANTAGE PROGRAM®** for "insurance underwriting services in the field of property and casualty"; and

- No. 4680598 for the mark **Amerisure ADVOCATE CLAIMSSERVICE** for *"insurance underwriting services; Insurance claims adjustment, administration, and processing services; investigation services related to insurance claims."*

11.    With the exception of Registration No. 4680598, all of these registrations have attained incontestable status and, therefore, constitute conclusive evidence of the validity of the marks, the registrations therefore, Amerisure's ownership of the marks and registrations and *its exclusive right to use the marks throughout the United States.*    Further, Registration No. 4680598, although not yet incontestable, nevertheless constitutes *prima facie* evidence of the validity of the registered mark, the registration therefore, Amerisure's ownership thereof and its exclusive right to use the mark in commerce.

{9998-9008/00452292-1}

**Defendant's Infringing Activities**

12.     On information and belief, Defendant Amerisure Life & Health is an independent insurance agency incorporated in the state of New Jersey on September 5, 2011, and licensed in New Jersey and Pennsylvania to provide services in the field of life, disability, health and long term care insurance ("life and health" products).   Defendant uses AMERISURE as a service mark, *see, e.g.,*                  , as its corporate name, *see, e.g.* Amerisure Life & Health, LLC, as a domain name, *see, e.g.,* http://amerisurelifeandhealth.com, and on its Facebook page, *see, e.g.,* https://www.facebook.com/amerisurelifeandhealth/, among other places.

13.     Defendant's use of AMERISURE is junior to Plaintiff's use of AMERISURE®. Indeed, when Defendant began using AMERISURE for its insurance services in 2011, Plaintiff's registrations 1343264 and 1343265, both of which issued on June 18, 1985, were already incontestable.  Likewise, when Defendant began using AMERISURE for its insurance services in 2011, Plaintiffs' registration No. 1934263, which issued on November 7, 1995 and registration No. 2231052, which issued on March 9, 1999, were also already incontestable.

14.     Plaintiff, who consistently ranks in the top 125 property/casualty insurance companies in the nation, underwrites property and casualty business and markets its products to independent insurance agents, many of whom also represent life and health insurance carriers, as does Defendant.  Further, Plaintiff has customers/policy holders with locations in all 50 states, including Pennsylvania and New Jersey, and continues to provide insurance coverage to those locations, as does Defendant.  Thus, Defendant's adoption of Plaintiff's name and mark presents a direct risk of confusion, not only among individual policyholders, but also among independent

{9998-9008/00452292-1}

insurance agents.  And, although there is no relationship, agency or otherwise, between Plaintiff Amerisure and Defendant Amerisure, the adoption by Defendant of Plaintiff's name and mark suggests to the public otherwise.

15.     On August 4, 2017, Plaintiff's counsel sent a letter to Defendant, requesting that Defendant cease all use of AMERISURE in its marks, corporate names, domain names and all associated social media, advertising and documentation.

16.     On August 25, 2017, Defendant, through its counsel, responded to Plaintiff's August 4 letter, declining to do so.

17.     Defendant has used and continues to use Plaintiff's AMERISURE® mark and in so doing creates a false impression among the consuming public as well as among independent agents that Defendant's insurance services originate from Plaintiff or are sponsored, approved by, managed and/or affiliated with Plaintiff, and to, thereby, misrepresent the origin and quality of the services it provides.

18.     Defendant's foregoing acts were and are likely and intended to cause confusion and mistakes among the public, customers, prospective customers, independent insurance agents, government regulators, creditors, suppliers and others and to deceive them as to, among other things, (i) the affiliation, connection and association of Defendant with Plaintiff, (ii) the origin, sponsorship, or approval of Defendant's services by Plaintiff and (iii) the nature, characteristics and quality of Defendant's services, all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendant's services.

19.     By reason of the foregoing, Plaintiff has suffered and will continue to suffer damage to its property, business, reputation and good will, has suffered and will continue to suffer dilution of the distinctive quality of Plaintiff's Marks and potentially has lost and will

{9998-9008/00452292-1}

continue to lose income and profits that Plaintiff would have earned but for Defendant's foregoing acts.

20.     Plaintiff's remedy at law is inadequate to compensate Plaintiff fully for its injuries. Defendant continues to engage in its infringing activities and, unless enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be extremely difficult or impossible to estimate the amount of compensation that would afford Plaintiff complete monetary relief.

## FIRST CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT
### Violation of 15 U.S.C. § 1114

21.     Plaintiff incorporates by reference the allegations of Paragraphs 1 – 20 of this Complaint.

22.     Plaintiff owns Plaintiff's Marks, including U.S. Trademark Registration No. 1343265 for AMERISURE®, of which AMERISURE is the dominant part of the marks.

23.     Defendant has used in commerce, without license or permission from Plaintiff, the mark, AMERISURE.

24.     Defendant has infringed Plaintiff's Marks and created a false designation of origin by using the mark, AMERISURE, in connection with its services, which are similar to and related to the services that Plaintiff provides.

25.     On information and belief, the unauthorized use by Defendant of the mark, AMERISURE, was with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistakes among consumers and agents and to deceive consumers and agents into believing that Defendant is a broker of Plaintiff's insurance and that Defendant's services are associated with and/or sponsored by or approved by Plaintiff, when they are not.

{9998-9008/00452292-1}

26.     Defendant's use of the mark, AMERISURE, which is identical to Plaintiffs' Marks, if it has not already caused confusion, is likely in the future to cause the public to mistakenly believe that Defendant's services originate from, are endorsed by, or are in some way affiliated with Plaintiff and thus constitute trademark infringement in violation of 15 U.S.C. § 1114.  Defendant had constructive knowledge, if not actual knowledge, of Plaintiff's ownership and prior use of AMERISURE and, without consent, has willfully violated 15 U.S.C. § 1114.

27.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable Plaintiff's Marks and risk to its unimpeachable reputation in the industry.  Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm to its property rights, established goodwill and business reputation.  The wrongful acts by Defendant have caused, and unless enjoined by this Court, will continue to cause great and irreparable harm to Plaintiff.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition, False Advertising,**
**False Designation of Origin, and Passing Off**
**Violation of 15 U.S.C. §1125(a)**

28.     Plaintiff incorporates by reference the allegations of Paragraphs 1 -27 of this Complaint.

29.     Defendant's use of the mark, AMERISURE, is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, approval or association of Defendant's services or commercial activities with Plaintiff, and thus violates Plaintiff's rights in Plaintiff's Marks in violation of 15 U.S.C. § 1125(a).

{9998-9008/00452292-1}

30.     Defendant's infringement of Plaintiff's rights in its use of the mark, AMERISURE, occurred with its full knowledge of Plaintiff's ownership in and use of Plaintiff's Marks.

31.     Defendant has intentionally, deliberately and willfully violated 15 U.S.C. § 1125 (a).

32.     By its aforesaid conduct, calculated to increase business and profits by deceiving and confusing members of the public and the insurance underwriting industry, Defendant has and continues to misappropriate the valuable goodwill of Plaintiff's Marks, to infringe Plaintiff's rights in those marks, and to unfairly compete with Plaintiff and Plaintiff has no adequate remedy at law.  Plaintiff is entitled, therefore, not only to monetary compensation, but also to injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth below.

### THIRD CLAIM FOR RELIEF

**New Jersey Common Law Claims for Unfair Competition and Passing Off**

33.     Plaintiff incorporates by reference the allegations of Paragraphs 1-32 of this Complaint.

34.     Upon information and belief, Defendant has engaged in business in New Jersey under the mark, AMERISURE, with full knowledge of Plaintiff's Marks, its registrations and prior use of Plaintiff's Marks.  In doing so, Defendant has passed off its services as those of Plaintiff by creating the impression among the public that the services offered by Defendant are affiliated in some way with those of Plaintiff, when in fact they are not.

35.     Defendant has misappropriated Plaintiff's valuable good will and public recognition of Plaintiff's Marks, which Plaintiff has developed over a period of over thirty years and Defendant has unlawfully benefited and been unjustly enriched by such activities.  The use

{9998-9008/00452292-1}

by Defendant of Plaintiff's Marks and ensuing potential for confusion constitutes unfair competition under the common law of the State of New Jersey. This use has in many ways injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's Marks and will cause irreparable harm, damage and injury to Plaintiff unless restrained and enjoined by this Court.

36.     Plaintiff, therefore, requests injunctive relief to prevent Defendant from continuing to exploit, destroy, or otherwise damage the value of Plaintiff's Marks.

37.     If not enjoined, Plaintiff will suffer immediate and irreparable harm in that any value in Plaintiff's Marks will be lost.

38.     If not enjoined, there is a strong likelihood of further injury to Plaintiff's business reputation and dilution of the distinctive quality of Plaintiff's Marks.

39.     If not enjoined, consumers and other purchasers will continue to be misled and confused as to whether there is an affiliation between the parties.

40.     Plaintiff has shown a probable right of recovery and likelihood of success on the merits of its claims against Defendant and that Plaintiff will suffer imminent, irreparable harm without Court intervention, for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### New Jersey Common Law Claims for Unfair Competition and Passing Off

41.     Plaintiff incorporates by reference the allegations of Paragraphs 1-40 of this Complaint.

42.     This count arises under N.J.S.A. 56:4-1, a statute of the state of New Jersey.

43.     Defendant, by reason of the foregoing wrongful acts, has engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade,

{9998-9008/00452292-1}

which acts and practices have injured Plaintiff within the meaning, and in violation of the statutes of the state of New Jersey.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      A Declaration that Plaintiff is the owner of the entire right, title and interest in and to Plaintiff's Marks and the mark, AMERISURE.

B.      A Declaration that Plaintiff's rights in Plaintiff's Marks are valid, enforceable and violated by Defendant and that Defendant has infringed Plaintiff's rights under relevant federal and state laws and regulations.

C.      A Declaration that Defendant has falsely designated that its services originate from Plaintiff and that Defendant has unfairly competed with Plaintiff and passed off its products and services as those of Plaintiff in violation of the laws of New Jersey.

D.      A Judgment that Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from: (1) using Plaintiff's Marks and the mark, AMERISURE, any designations incorporating those marks and any copy, reproduction, colorable imitations or variations thereof; (2) using any trademark, service mark, name, logo, or source designation of any kind that is likely to cause confusion, mistake, deception or public misunderstanding that such goods or services are produced or provided by Plaintiff, or otherwise misrepresenting in any way the source of origin of any services Defendant provides; and (3) otherwise infringing Plaintiff's Marks and competing unfairly with Plaintiff.

{9998-9008/00452292-1}

E.      A Judgment that Defendant be ordered: (1) to remove any and all references in (a) any social media account, including, without limitation, Facebook, Twitter and Snapchat, (b) any directories, including telephone directories, (c) GOOGLE, (d) physical signage, (e) its web site, including its URL/domain name, (f) its corporate name, and in (g) all documentation to any colorable imitation of the mark, AMERISURE, and (2) to correct any mistakes by third parties referencing the mark, AMERISURE, in designating Defendant's products and/or services.

F.      A Judgment that Defendant willfully violated Plaintiff's rights and, consequently, that Defendant be required to pay to Plaintiff damages according to proof, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendant's wrongful acts, and to account for and return to Plaintiffs any monies, profits and advantages wrongfully gained by Defendant.

F.      That all damages sustained by Plaintiff be trebled.

G.      That Defendant be required to pay to Plaintiff punitive and exemplary damages.

H.      That Defendant be required to pay to Plaintiff all attorney fees, expenses and costs incurred in this action.

I.      That Defendant be ordered to deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, writings, signage, artwork, labels, packaging, advertising and other materials that infringe Plaintiff's rights or that contributed to the infringement of Plaintiff's rights, falsely designated source or origin, or otherwise facilitate Defendant's unfair competition with Plaintiff.

J.      That an Order be issued directing Defendant to file with this Court and serve on Plaintiff's attorneys within thirty (30) days after the date of entry of any injunction, a report in

{9998-9008/00452292-1}

writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

K.      That an Order be issued directing Defendant to account to Plaintiff for all profits from its infringement of Plaintiff's Mark.

L.      That, because, for among other reasons, Defendant disregarded a demand letter sent by Plaintiff and continued marketing its products and services thereafter using Plaintiff's Mark, an Order enter that this is an exceptional, willful and flagrant case pursuant to 15 U.S.C. § 1117(a).

M.      That Plaintiff be granted such further relief as this Court may deem appropriate.


**JURY DEMAND**

Plaintiff requests trial by jury on all issues so triable.


Dated:  September 8, 2017               By:      /s/ Anthony J. Davis
                                                 ANTHONY J. DAVIS
                                                 Nicoll Davis & Spinella LLP
                                                 Attorneys for Plaintiff Amerisure Mutual
                                                 Insurance Company



Of Counsel:
**FISHMAN STEWART PLLC**
Barbara L. Mandell (P36437)
Michelle L. Visser (P53917)
Melissa R. Atherton (P76532)
Fishman Stewart PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Phone: 248-594-0600
Fax: 248-594-0610


{9998-9008/00452292-1}

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  September 8, 2017        By:    /s/ Anthony J. Davis
                                        ANTHONY J. DAVIS
                                        Nicoll Davis & Spinella LLP
                                        Attorneys for Plaintiff Amerisure Mutual
                                        Insurance Company

{9998-9008/00452292-1}